LEAR, Judge.
This suit was brought by Ronald Lee Cobb (Cobb) against Carroll Matherne, Kenneth Matherne and the Estate of Lee Math-erne, claiming damages for injuries suffered as a result of an assault and battery.
Prior to trial, plaintiff settled with all but Carroll Matherne. At the time of the alleged incident Cobb was a full time deputy sheriff and Lee Matherne was a candidate for sheriff against Cobb’s employer. Kenneth was Lee’s son; Carroll was Lee’s brother.
The trial judge’s findings of fact are set out in well written reasons for judgment as follows:
“The preponderance of evidence shows as follows:
“On this date said Ronald Lee Cobb was employed as a deputy sheriff by the then incumbent sheriff, who was running for re-election. , Plaintiff was off duty, out of uniform, in his personal private motor vehicle, not marked as a sheriff or police vehicle, but on which was [sic] signs advertising the then incumbent sheriff for re-election. He was waring a pistol in a holster and his badge was in his wallet which was in his pocket. If he was on duty, it was not regular police duty. He was driving on West Main Street with said political advertisement on his car.
“When he approached the Texaco Service Station located about one-half (%) mile South of Broadmoor Subdivision in the Parish of Terrebonne, State of Louisiana, with the said service station being on his left and plaintiff driving in the fartherest [sic] of two traffic lanes, going in the same direction, Kenneth Matherne, the son of Lee Matherne, the latter being a candidate for sheriff in the upcoming election, was driving a motor vehicle off of the service station and onto the highway (West Main Street), entering the left traffic lane. A lady approaching in her motor vehicle in the left traffic lane slowed down and turned her vehicle partially into the right traffic lane occupied by the plaintiff. The plain *49 tiff in turn reacted by driving his vehicle onto the right shoulder of the road and then back on to the road and right traffic lane.
“Kenneth Matherne was driving a motor vehicle on which he had election advertisement soliciting the public to vote for his father in the upcoming sheriff’s election.
“The most prominent feature of two vehicles was the election material on them.
“Both recognized the competing election activity of the other.
“Plaintiff, driving in the right traffic lane caught up with Kenneth Matherne driving in the left traffic lane and plaintiff signalled to him to pull over and stop and plaintiff testified he displayed his badge.
“At this point, and thereafter, the plaintiff declared that he did not have any intention to arrest Kenneth Matherne or give him a traffic citation; but that he wanted to talk to him about Kenneth Matherne’s reckless entry into the highway.
“Kenneth Matherne did not stop. He drove on and to the Lee Matherne Election Headquarters on West Park Avenue.
“Instead of letting the matter pass, plaintiff followed Matherne to the Matherne’s election headquarters, intent on talking to Kenneth Matherne about the event.
“What happened there is best stated and more accurately related by Mr. Langdon Anderson, whose testimony is reported on pages 197-212 et seq., inclusively, which I make a part hereof by reference.
“I was impressed favorably with Mr. Langdon Anderson’s conduct as a witness. His answers were immediate and direct. There was no evasion, no inconsistencies. He responded on cross examination with the same directness as on direct examination. I believe he testified truly as to that which he witnessed. I have weighed the fact that he was working for the election of Lee Matherne by answering the phone and have concluded such would not and did not color or affect his testimony.
“It is noted that the plaintiff still did not make an arrest or issue a citation to Kenneth Matherne, but still insisted that he wanted to talk to Kenneth Matherne. They argued back and forth, not just about the driving event but about election events such as who was tearing down whose signs and etc.
“Mr. Anderson characterized it as; 1_ just normal argument, you could tell both of them were mad at each other.’
“Here you do not have an event of the officer of the law issuing a traffic citation or arrest. It is more like two young men competing in electioneering, responding to territorial and other competitive instincts, one not wishing the other to have advantage.
“After Mr. Anderson broke up the argument by sending Kenneth Matherne into headquarters he learned Cobb was a deputy sheriff.
“Quoting Anderson:
‘Then I told him that, why don’t we just, it wasn’t that important, why didn’t we let it drop instead of creating a disturbance.’
“Anderson quotes the plaintiff as saying: ‘_It was important to him _
and plaintiff persisted in continuing the disturbance.
“Mr. Anderson was there. He was in a position better than all of us to evaluate the situation. I accept his evaluation as being true.
“The matter went from bad to worse.
“While plaintiff and Kenneth Matherne were talking, his mother came up. Later Mr. Lee Matherne and Carroll Matherne drove up. Argument continued at close quarters. Mrs. Matherne fell down. Plaintiff pushed Lee Matherne. Lee Matherne hit defendant in the stomach and elsewhere. Ronald Lee Cobb, set back by the blows, attempted to or did pull his pistol. To prevent the use of the gun on Lee Math-erne, Carroll Matherne hit plaintiff with his fists and disarmed the plaintiff. Carroll Matherne recovered the pistol from the ground, unloaded it and threw it over the house.
*50 “Carroll Matherne had reason to believe that plaintiff might use the gun by shooting his brother. He was justified in disarming plaintiff, even though plaintiff was a deputy sheriff, off duty and out of uniform.
“The court finds that the evidence proves by a preponderance of the evidence that the plaintiff exercised poor judgment, was unreasonably aggressive throughout, demonstrated at least two overt acts, pushing Lee Matherne and drawing or attempting to draw his pistol on Lee Matherne, all of which provoked and justified the action by Carroll Matherne to disarm plaintiff.
“I do not rely solely on the testimony of Langdon Anderson. The testimony of other witnesses for the defendant reasonably corroborate [sic] Mr. Anderson’s testimony and forms the preponderance of the evidence.
“Evidence alleging tendency of Carroll Matherne to commit acts of violence and aggression in other cases is not relevant here; especially, when it is shown that, under the facts and circumstances of this case, he was justified in his conduct.
“The plaintiff, Ronald Lee Cobb, has the burden to prove his case by a preponderance of the evidence. The plaintiff has failed to do so. Prior to or during the trial, settlement was had between Ronald Lee Cobb and the defendants, Kenneth Math-erne and the estate of Lee Matherne.
“Plaintiff has failed to prove by a preponderance of evidence the liability of any of the defendants.”
It is a well settled principle of law that when there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court will not disturb this factual finding in absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). We find no such error in the factual determination of the trial court and therefore adopt the reasons stated therein and affirm the trial court’s judgment at appellant’s costs.
AFFIRMED.